## GARVER et v GARVER et

Ohio Appeals, 5th Dist, Morrow Co

Decided Dec 12, 1932

T. B. Mateer, Mt. Gilead, for plaintiffs in error.

C. H. Wood, Mt. Gilead, for defendants in error.

SHERICK, J.

Considering now the question of the meaning of the term "issue," as it appears in §10503-5, GC, a re-enactment of §8577, GC, we quote therefrom that part of the statute drawn in question here: "When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such relict from any deceased spouse, by deed of gift, devise, bequest, or descent, then such estate, real and personal, except for the intestate share of the surviving spouse, if any, of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or the next of kin of deceased children."

That part of the section from its beginning to the word "issue" has undergone no change by its recent modification. We call attention to this fact for a preface to the remark that whatever construction the word previously bore it should now bear.

If the word "issue" is susceptible of the limited construction contended for, we note an unnecessary and superfluous word thereinafter appearing, that is, the word "descent." We think the Legislature purposely injected and employed the word "descent." Now if the plaintiff's contention is right and Sylvester Garver had died intestate and seized of a personal estate, and had left issue of his marriage with Lulu Garver surviving him, they would have inherited and the surviving wife would have had but her widow's share in his estate. If such had been the situation in the developed assumption, as the plaintiffs would now develop it, the word "descent" would be meaningless. This the Legislature did not intend.

The word "issue" therefore must have embraced a larger understanding, that is that the spouse relict might have issue other than from her marriage with the deceased consort, from whom she inherits. In other

words she might be survived by the issue of an earlier or later marriage. In the case of **Miller, Admr v Shepard, 29 Oh Ap 22, (6 Abs 572), 162 NE 788,** it was held that a legally adopted child by the spouse relict of a former marriage could inherit property which came to the spouse relict from his second wife, who died intestate and childless, to the exclusion of the second wife's brothers and sisters. The opinion in this case recites the history of this legislation. It is deserving of counsels' consideration. The second paragraph of the syllabus states the law applicable in this instance. It says: "Property inherited from a deceased spouse under **subdivision 2 of §8574, GC,** descends from and not through such surviving spouse, under **§8577, GC,** upon his or her death intestate."

In the instant case the children of Lula Garver inherited under **subdivision 1 of §10503-4 GC. §10503-5, GC,** can have no application in this case, for, by its very terms, it may not be invoked unless the relict of the deceased husband dies without issue.

The petition is further objectionable in that if the plaintiff's claim was true, Lula Garver's brothers and sisters should have been the parties defendant, and not her issue, who would have no interest in their mother's estate.

The judgment is therefore affirmed.

GARVER, PJ, and LEMERT, J, concur.